[No. B084804. Second Dist., Div. Five. Apr. 10, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE HATCHER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication. The indicated portions are not to be published.

**COUNSEL**

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Sanjay T. Kumar and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.**—Defendant, Lawrence Hatcher, appeals after a guilty plea to a narcotics charge and his admission he had previously been convicted of serious felony. (Pen. Code, § 667, subds. (b)-(i).) In the published portion of this opinion, we hold that the use of a serious prior conviction committed prior to March 7, 1994, to enhance defendant's sentence did not violate the ex post facto provisions of the federal and state Constitutions. (U.S. Const., art. I, §§ 9, 10; Cal. Const., art. I, § 9.)

. . . . . . . . . . . . . . . . . . . . . . . . .*

Defendant was previously convicted of robbery on June 13, 1986. On March 7, 1994, the amendments to Penal Code section 667 which resulted in a significantly enhanced sentence in the present case went into effect. (Stats. 1994, ch. 12.) Defendant committed his current offense on April 1, 1994. Defendant argues because his serious prior felony conviction occurred prior to March 7, 1994, it may not be used to enhance his sentence in this case. Defendant reasons that the use of the pre-March 7, 1994, serious felony

---

*See footnote, *ante*, page 1526.

conviction to a crime occurring after that date violates the ex post facto provisions of the state and federal Constitutions. However, in varying circumstances, courts have repeatedly upheld the use of a prior conviction occurring prior to the adoption of an enhancing provision such as Penal Code section 667, subdivisions (b)-(i). (*McDonald* v. *Massachusetts* (1901) 180 U.S. 311, 313 [45 L.Ed. 542, 547, 21 S.Ct. 389] [Massachusetts habitual offender statute did not violate the ex post facto provisions of the United States Constitution]; *People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736], overruled on another point in *People* v. *Guerrero* (1988) 44 Cal.3d 343, 348-355 [243 Cal.Rptr. 688, 748 P.2d 1150] [residential burglary occurring prior to the adoption of Proposition 8 may be used to enhance a crime occurring after the initiative was adopted by the voters]; *People* v. *Mills* (1992) 6 Cal.App.4th 1278, 1285 [8 Cal.Rptr.2d 310] [amendment to Pen. Code, § 12021, subd. (a) may be applicable when the prior felony conviction occurred before the operative date of the new statute].) Accordingly, defendant's ex post facto contentions have no merit.

The judgment is affirmed.

Armstrong, J., and Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 13, 1995.