[No. A067015. First Dist., Div. Five. Apr. 13, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
TERRELL JAVON REED, Defendant and Appellant.

## COUNSEL

Robert Spertus, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## KING, J.—

### I. INTRODUCTION

Terrell Javon Reed is a "second strike" defendant under California's new "Three Strikes" law: he has been convicted of robbery (his second strike), and he has a prior conviction for residential burglary (his first strike). He contends the court erred in employing the Three Strikes law to impose twice the base term for the robbery because his first strike predated the law's enactment. We hold that the Three Strikes law applies to prior felony convictions predating its enactment, and we affirm the judgment.

### II. BACKGROUND

A jury convicted Reed of first degree robbery (Pen. Code, §§ 211, 212.5) and unauthorized entry (Pen. Code, § 602.5) committed on March 14, 1994.

In addition, he pleaded guilty to second degree burglary (Pen. Code, §§ 459, 460) committed on February 12, 1994. The court found he had a 1992 conviction for residential burglary, which was alleged as an enhancement under the provisions of the Three Strikes law subjecting a second strike defendant to twice the base term. (Pen. Code, § 667, subd. (e); see *People* v. *Jackson* (1995)* (Cal.App.).) The court imposed the middle term of eight years for the robbery—that is, a four-year term doubled under the Three Strikes law—plus concurrent sentences for the other offenses.[1]

## III. DISCUSSION

This case presents another issue arising from one of the many ambiguities in the Three Strikes law, on which we have previously commented. (See *People* v. *Jackson, supra*.) The legislative version of the Three Strikes law states, "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, *shall be made upon the date of that prior conviction* and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (Pen. Code, § 667, subd. (d)(1), italics added.)[2]   Reed argues that because this determination was not (and could not have been) made *at the time* of the prior conviction, the Three Strikes law cannot apply—that is, the law does not apply to prior felony convictions predating the law's enactment.

The ambiguity here is in the law's use of the word "upon." Does this mean that the determination whether an offense is a "strike" must be made *at the time* of the prior conviction—which cannot have occurred with convictions predating the Three Strikes law—or does it mean something else that permits application of the law to such convictions?

The word "upon" is synonymous with (and often an unnecessarily formal version of) the word "on." (Webster's New Internat. Dict. (3d ed. 1961) p. 2517; Garner, A Dict. of Modern Legal Usage (1987) p. 558; Bryson, The Facts on File Dict. of Troublesome Words (rev. ed. 1987) p. 120.) The word "on" has many meanings, two of which are pertinent here. One meaning is "occurrence at the same time" as something. (Webster's, *supra*, at p. 1574.) That is the meaning Reed ascribes to the Three Strikes law. Another

---

*Opinion (A066299) deleted upon direction of Supreme Court by order dated June 1, 1995.

[1]The information did not allege, and the judge did not impose, a five-year enhancement for the prior serious felony conviction (Pen. Code, § 667, subd. (a)).

[2]The initiative version of the Three Strikes law (Pen. Code, § 1170.12) became effective on November 8, 1994, and thus does not apply to the present case. However, its pertinent correlative provisions (Pen. Code, § 1170.12, subd. (b)(1)) are essentially the same as those at issue here (Pen. Code, § 667, subd. (d)(1)).

meaning, however, is "with reference" to something. (*Id.* at p. 1575.) In the present context, this would mean simply that the determination whether an offense is a "strike" must be made *with reference to* the date of the prior conviction, and not with reference to the sentence subsequently imposed for the prior (unless the sentence converts the offense to a misdemeanor).

We ascribe the latter meaning, which does not require the "strike" determination to be made at the time of the prior conviction and thus permits application of the Three Strikes law to convictions predating its enactment, for three reasons.

First, the lists of prior felonies invoking the Three Strikes law, set forth in Penal Code sections 667.5 and 1192.7 and incorporated into subdivision (d)(1) of section 667, include several former felonies that were repealed before enactment of the Three Strikes law.[3] Construction of the Three Strikes law to preclude its application to convictions predating its enactment would make meaningless its references to these former felonies, which can *only* have occurred prior to enactment, and is thus disfavored. (*People* v. *Jackson, supra,* 37 Cal.3d at p. 832.)

Second, such construction would be contrary to the statutorily expressed legislative intent behind the Three Strikes law, which is to "ensure longer prison sentences and greater punishment" for serious and violent recidivists. (Pen. Code, § 667, subd. (b).) The basic purpose of such legislation—the deterrence of recidivism—would be frustrated by a construction which did not take account of prior criminal conduct predating the legislation's enactment. (*People* v. *Jackson, supra,* 37 Cal.3d at p. 833.)

Third, such construction would create an unacceptable anomaly with regard to Proposition 184, the initiative version of the Three Strikes law (Pen. Code, § 1170.12). The ballot argument in favor of the initiative, which became effective eight months after the Three Strikes legislation, plainly stated, "Convictions before 1994 . . . are counted as strikes." (Ballot Pamp., argument in favor of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 36.) Clearly, that is what the electorate had in mind when it passed Proposition 184, which must therefore be construed accordingly. The legislative language at issue here (Pen. Code, § 667, subd. (d)(1)) is essentially the same as the

---

[3]These include assault by a life prisoner on a noninmate (Pen. Code, § 1192.7, subd. (c)(12)), which is based on Penal Code section 4500 before its amendment in 1977; assault with intent to commit robbery (Pen. Code, § 1192.7, subd. (c)(10)), which was deleted from Penal Code section 220 in 1978; and any felony in which the defendant inflicted great bodily injury as specified in former Penal Code sections 213, 264 and 461 before July 1, 1977 (Pen. Code, § 667.5, subd. (c)(7)). (See *People* v. *Jackson* (1985) 37 Cal.3d 826, 832, & fn. 7 [210 Cal.Rptr. 623, 694 P.2d 736].)

correlative language of the initiative (Pen. Code, § 1170.12, subd. (b)(1)). It would be anomalous to conclude that the Legislature and the electorate intended different meanings for essentially identical provisions. And it would be absurd to sentence pre- and post-Proposition 184 defendants differently under those provisions.

We conclude that subdivision (d)(1) of Penal Code section 667 does not require the determination whether a prior conviction is a "strike" to be made *at the time* of the prior conviction, but simply *by reference to* the date of the prior conviction, and thus the Three Strikes law applies to prior felony convictions predating its enactment.

## IV. DISPOSITION

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 13, 1995.