[No. B088678. Second Dist., Div. Seven. Jan. 23, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID PORTILLO DIAZ, Defendant and Appellant.

## COUNSEL

Bruce Daniel Rosen, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Sanjay T. Kumar and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS (Fred), J.**—In a court trial, appellant was convicted of child molestation (Pen. Code,[1] § 288, subd. (a); count I) and felony annoying or molesting a child under the age of 18 (§ 647.6; count II). Allegations appellant had suffered a serious felony conviction within the meaning of section 667, subdivision (a)(1) and two felony convictions within the meaning of section 667, subdivisions (b)-(i) were found true. Appellant was sentenced to state prison for 30 years to life.

Relying upon *People* v. *Wallace* (1992) 11 Cal.App.4th 568 [14 Cal.Rptr.2d 67], appellant contends the subject touching was not a lewd act. *People* v. *Wallace*, and its separate test for a "lewd act," have recently been disapproved by our Supreme Court. (*People* v. *Martinez* (1995) 11 Cal.4th 434, 452 [45 Cal.Rptr.2d 905, 903 P.2d 1037].) Accordingly, in compliance with *People* v. *Martinez* we reject the *Wallace* lewd act test, find substantial evidence the act was lewd, and conclude appellant's "three strikes" (§ 667, subds. (b)-(i)) contentions are without merit. We affirm the judgment.

### FACTUAL BACKGROUND

The undisputed facts[2] may be stated simply.

On May 14, 1994, the Park Theater in the City of Huntington Park was showing "A Million To Juan." About 6 p.m. appellant was in the theater, seated by the wall. In the same row were Yadira Lopez, her infant son, and her 13-year-old sister-in-law Masiel O. A vacant seat separated Masiel O. from appellant. One row in front of them were Martha Hernandez, her child, and her husband.

---

[1]Statutory references, unless otherwise noted, are to the Penal Code.

[2]Appellant was the only defense witness and, as to the subject touching, he testified he did not remember what happened.

Martha Hernandez looked back and saw appellant masturbating. After a few minutes he covered his lap with a newspaper but continued masturbating.

Masiel O. felt uncomfortable about appellant because he kept turning toward her.

Appellant then moved to the seat next to Masiel O. and, while still masturbating, touched her mid-thigh with his hand.

Masiel O. told Yadira Lopez what had happened, got up, and, with Ms. Lopez, went to the lobby to tell the manager.

Mrs. Hernandez, who saw appellant touch Masiel O., told her husband what happened.

Appellant immediately got up and went to the upstairs men's room. Later, when he exited, Masiel O. identified him to the theater manager and security guard. They told appellant to follow them but appellant ran outside. They pursued and caught appellant. The police were called and arrested appellant.

DISCUSSION

1. *A lewd act*

In pertinent part, section 288, subdivision (a), provides: "Any person who willfully and lewdly commits any lewd . . . act . . . upon or with the body, or any part . . . thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ."

A violation of the statute requires "a touching of the body of a child under the age of 14, with the specific intent of arousing, appealing to, or gratifying the lust of the child or the accused. [Citations.] Touching of a sexual organ is not required." (*People* v. *Raley* (1992) 2 Cal.4th 870, 907 [8 Cal.Rptr.2d 678, 830 P.2d 712].)

Expressly, the statute requires both a lewd touching and a lewd intent. But, also expressly, the statute is violated if "*any* part . . . of a child . . ." is lewdly touched. Accordingly, all of the following "touchings" have been found lewd: putting a hand inside a seven-year-old's pants and rubbing her stomach (*People* v. *Dontanville* (1970) 10 Cal.App.3d 783 [89 Cal.Rptr. 172]); hugging a seven-year-old with one's hands on the inside of her thighs

(*People* v. *Self* (1993) 12 Cal.App.4th 1222 [16 Cal.Rptr.2d 67]); ordering a child to pull down her pants (*People* v. *Austin* (1980) 111 Cal.App.3d 110 [168 Cal.Rptr. 401]); compelling a child to disrobe (*People* v. *Mickle* (1991) 54 Cal.3d 140, 175-176 [284 Cal.Rptr. 511, 814 P.2d 290]); having a five-year-old touch the fully clothed defendant between his legs (*People* v. *Gaglione* (1994) 26 Cal.App.4th 1291 [32 Cal.Rptr.2d 169]); while standing by a backyard fence, "dangling" the hair and rubbing the back of a nine- to ten-year-old victim (*People* v. *Sharp* (1994) 29 Cal.App.4th 1772, 1789-1791 [36 Cal.Rptr.2d 117]); rubbing the stomach, back, and thigh of the victim (*People* v. *Gilbert* (1992) 5 Cal.App.4th 1372, 1380 [7 Cal.Rptr.2d 660]); kissing and rubbing the leg of a twelve-year-old girl (*People* v. *Hobbs* (1952) 109 Cal.App.2d 189, 190-192 [240 P.2d 411]); and requiring a child to drink urine (*People* v. *Pitts* (1990) 223 Cal.App.3d 606, 887 [273 Cal.Rptr. 757]).

*Wallace* stated the lewd touching must be "separate and apart from the intent of the perpetrator" (*People* v. *Wallace, supra,* 11 Cal.App.4th at p. 578) and offered this definition of a lewd touching: ". . . any touching . . . which to an *objectively reasonable person* is sexually indecent or tends to arouse sexual desire." (*Id.* at p. 579.)

Our Supreme Court has disapproved *Wallace* and its definition of "lewd touching." (*People* v. *Martinez, supra,* 11 Cal.4th 434, 452.)

As *Martinez* states, "section 288 is violated by '*any touching*' of an underage child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child." (11 Cal.4th at p. 452.) (Italics added.)

*Wallace* errs in assuming there are touchings inherently innocent—regardless of the toucher's intent. There are not. Any part of the body may be the object of a sexual fetish. Any touch, in fulfillment of such a fetish, is harmful to a child and prohibited by the statute.

We find substantial evidence that appellant's conduct constituted a lewd act.

### 2. *Pre-March 7, 1994, prior felony conviction*

Appellant contends that his child molestation convictions in 1989 cannot be considered "strikes" (§ 667, subds. (b)-(i)) because they predated the three strikes law. He is mistaken. (*People* v. *Reed* (1995) 33 Cal.App.4th 1608 [40 Cal.Rptr.2d 47]; *People* v. *Hatcher* (1995) 33 Cal.App.4th 1526 [39 Cal.Rptr.2d 801]; *People* v. *Anderson* (1995) 35 Cal.App.4th 587, 600-601

[41 Cal.Rptr.2d 474]; *People* v. *Green* (1995) 36 Cal.App.4th 280 [42 Cal.Rptr.2d 249]; *People* v. *Sipe* (1995) 36 Cal.App.4th 468 [42 Cal.Rptr.2d 266]; *Gonzales* v. *Superior Court* (1995) 37 Cal.App.4th 1302 [44 Cal.Rptr.2d 144].)

## 3. *Section 1203.4 expungement*

Appellant asserts a second reason his child molestation convictions cannot be considered "strikes" (§ 667, subds. (b)-(i)).

These convictions involved appellant's stepdaughter whom he molested for five years beginning when she was seven and continuing until she was twelve. The molestations included fondling the victim's vagina, having her masturbate him, and orally copulating her three to four times a week. In March 1989 appellant was convicted, by guilty plea, of 15 child molestation felonies. Although he was sentenced to a 12-year state prison term, that sentence was suspended, and appellant was placed on probation. In October 1993 appellant obtained the expungement relief provided by section 1203.4.[3]

---

[3]In pertinent part, the section reads: "(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing; *however, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.* The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery.

"Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021.

"This subdivision shall apply to all applications for relief under this section which are filed on or after November 23, 1970." (Italics added.)

Appellant now asserts that because these convictions were dismissed pursuant to section 1203.4 *and* these dismissals are a disposition not specified in section 667, subdivision (d),[4] the convictions are not "strikes." Appellant is mistaken.

Section 1203.4, by its express terms, refutes appellant's assertion. It states: ". . . [I]n any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." The courts have consistently applied this plain meaning of the statute. (*Adams* v. *County of Sacramento* (1991) 235 Cal.App.3d 872, 877-878 [1 Cal.Rptr.2d 138]; *People* v. *Walters* (1961) 190 Cal.App.2d 98, 102 [11 Cal.Rptr. 597].)

This provision of section 1203.4 also explains the omission of section 1203.4 from section 667, subdivision (d): there was no need to include it.

[4]The subdivision reads: "(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as:

"(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

"(A) The suspension of imposition of judgment or sentence.

"(B) The stay of execution of sentence.

"(C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony.

"(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison.

"(2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(3) A prior juvenile adjudication shall constitute a prior felony conviction for purposes of sentence enhancement if:

"(A) The juvenile was 16 years of age or older at the time he or she committed the prior offense.

"(B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a felony.

"(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.

"(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."

### 4. *Cruel and unusual punishment·*

Appellant contends the imposed punishment constitutes cruel and unusual punishment. (*In re Lynch* (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2d 921]; *People* v. *Dillon* (1983) 34 Cal.3d 441, 479-482 [194 Cal.Rptr. 390, 668 P.2d 697].) He is mistaken.

It is not merely the current offense but appellant's recidivist behavior which justifies the imposed punishment. In appellant's case, the recidivist behavior consists of unremitting sexual depredation of a child resulting in appellant's conviction of 15 felonies.

The contention is without merit.

### DISPOSITION

The judgment is affirmed.

Lillie, P. J., concurred. Johnson, J., concurred in the judgment only.

Appellant's petition for review by the Supreme Court was denied April 11, 1996. Mosk, J., was of the opinion that the petition should be granted.