Filed 7/16/15  P. v. Mohamed CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B262316 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A794547) |
| v. | |
| RONNIE MOHAMED, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anne Egerton, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Defendant and appellant Ronnie Mohamed appeals from an order denying his petition for writ of coram nobis. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 1987, Mohamed pleaded guilty to attempted first degree robbery and no contest to personal use of a firearm (Pen. Code, § 12022.5).[1] He was sentenced to three years in prison on the attempted robbery. The trial court imposed but stayed a two-year sentence on the gun use allegation.

In July 1994, Mohamed was charged with first degree residential burglary. (§ 459.) On July 12, 1995, Mohamed was sentenced to 25 years to life plus ten years for two prior convictions (§ 667, subd. (a)(1)) after being convicted of first degree burglary.

On September 24, 2014, Mohamed filed a "petition for writ of error coram nobis [motion] to vacate judgment and allow the defendant to withdraw" his 1987 guilty plea. Mohamed contended that he entered into the plea on the understanding that any future serious felony he might commit would be enhanced by no more than five years.

On January 29, 2015, the trial court denied the petition on the grounds it was not the appropriate procedural vehicle to raise the claim; Mohamed failed to show due diligence; and Mohamed's 1987 and 1995 convictions qualified as strikes.

## DISCUSSION

After review of the record, Mohamed's court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record, under *People v. Wende* (1979) 25 Cal.3d 436, 441. By letter dated April 21, 2015, we advised Mohamed that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. On May 18, 2015, Mohamed filed a supplemental opening brief.

Mohamed's brief raises the same issue raised in his petition: his 1995 sentence of 35 years to life violated his 1987 plea agreement. It did not. At the 1987 plea hearing, Mohamed was advised, "This offense which results in your commitment to state prison

---

[1]     All statutory references are to the Penal Code.

will also be a serious felony, which can be used in the future should you pick up any new felony offenses, adding a potential either one year, three years, or five years, increasing the sentencing range that you might face, or it could be used to deny you probation." When Mohamed, in 1995, was convicted of first degree burglary, his 25-years-to-life sentence was therefore enhanced by five years for the prior 1987 strike conviction. (§ 667, subd. (a)(1).)  It was enhanced by an additional five-year term for another prior conviction.[2]

To the extent Mohamed contends his 1987 conviction for attempted robbery was not a strike for the purposes of the "Three Strikes" law, because the conviction predated the enactment of the law, that contention has been rejected.  (See *People v. Gipson* (2004) 117 Cal.App.4th 1065 [applying a retroactive change in recidivism sentencing under the Three Strikes law even though the defendant's plea agreement was under prior law]; *People v. Sipe* (1995) 36 Cal.App.4th 468; *People v. Reed* (1995) 33 Cal.App.4th 1608; *People v. Hatcher* (1995) 33 Cal.App.4th 1526.)

We have examined the record and are satisfied Mohamed's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

---

[2]    It appears that when Mohamed pleaded guilty in 1987 to attempted robbery, he already had a prior conviction for robbery.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


EDMON, P. J.


KITCHING, J.