Filed 8/28/20  P. v. Meadows CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306132 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA031093) |
| v. | |
| FRANK EDWARD MEADOWS, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Frank Edward Meadows, Jr., appeals from an order denying his motion for modification of sentence. We affirm.

**BACKGROUND**

In 1999, a jury found Meadows guilty of first degree residential burglary. (Pen. Code, § 459.)[1] Allegations that Meadows had sustained two prior serious felony robbery convictions were found to be true. The trial court sentenced Meadows to 35 years to life: 25 years to life under the "Three Strikes" law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) for the burglary, plus a consecutive term of 10 years for the two prior serious felony convictions (§ 667, subd. (a)(1)). This court affirmed the judgment (*People v. Meadows* (Oct. 22, 2001, B142112) [nonpub. opn.]).

On January 9, 2020, Meadows filed a motion for modification of his third strike sentence under newly-enacted section 1016.8. (Stats. 2019, ch. 586, § 1, eff. Jan. 1, 2020.) The statute provides, in pertinent part, that a plea bargain "that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) Meadows argued in his motion that section 1016.8 requires vacation of his third strike sentence because his two prior serious felony robbery convictions followed plea bargains that pre-dated enactment of the Three Strikes law, and the "retroactive application" of the Three Strikes law to the robbery convictions deprived him of the benefit of the "plea bargain contract[s] by rendering [them]

---

[1] Further statutory references are to the Penal Code.

substantially less beneficial."[2]  On January 24, 2020, the trial court summarily denied the motion by minute order, stating Meadows had not "stated a valid legal ground to support his request" for modification of sentence.

Meadows filed a timely notice of appeal, and this court appointed counsel for him.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  On July 23, 2020, we sent a letter to Meadows and his appointed counsel, advising Meadows that within 30 days he could personally submit any contentions or issues he wanted us to consider, and directing counsel to send the record and opening brief to Meadows immediately.  Meadows timely filed a supplemental brief, raising the contention set forth below.

## DISCUSSION

Because Meadows's appeal is not his first appeal of right from his conviction, he is not entitled to our independent review of the record pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 119; *Serrano*, *supra*, 211 Cal.App.4th at p. 503; *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.)[3]  He is entitled, however, to file a supplemental brief—

---

[2] Meadows's prior robbery convictions were from 1991 and 1992.  California's Three Strikes law became effective in 1994.  (*People v. Anderson* (1995) 35 Cal.App.4th 587, 590; *People v. Reed* (1995) 33 Cal.App.4th 1608, 1610, fn. 2**.)**

[3] Under *Serrano*, in a criminal appeal in which *Wende* does not apply, counsel who finds no arguable issues is still required to (1) inform the court that counsel has found no arguable issues to

3

which he has done here—and to our review of his contentions. (See *Serrano*, at p. 503; cf., *Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 6; *Ben C.*, at pp. 554–555 (dis. opn. of George, C. J.).)

In his supplemental brief, Meadows argues his third strike sentence must be vacated under section 1016.8 and case law because his plea bargains in his prior robbery cases were not knowing, intelligent, or voluntary, as he did not know in 1991 and 1992 when he entered the pleas that those robbery convictions could be used to increase his punishment in a future criminal case under the Three Strikes law later enacted in 1994.

As set forth above, section 1016.8 states that a plea bargain that waives "unknown future benefits" in the law is not knowing and intelligent. (§ 1016.8, subd. (a)(4).) Enactment of the Three Strikes law did not provide a "benefit" (e.g., a reduction in punishment) to criminal defendants. Thus, section 1016.8 is inapplicable to Meadows's contention that his third strike sentence is invalid because his prior plea bargains (the prior strikes) were not knowing, intelligent, or voluntary. His contention also fails under case law, which provides that a conviction after a guilty plea that pre-dates enactment of the Three Strikes law may be used as a strike under the Three Strikes law. (*People v. Sipe* (1995) 36 Cal.App.4th 468, 475-478-479; see also *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302, 1306-1308.)

---

be pursued on appeal; (2) file a brief setting out the applicable facts and law; (3) provide a copy of the brief to appellant; and (4) inform the appellant of the right to file a supplemental brief. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503, citing *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*).)

4

We are satisfied that Meadows's counsel has fully complied with his responsibilities.  (See *Serrano*, *supra*, 211 Cal.App.4th at p. 503.)  Based on our review of the record, the applicable law, and Meadows's supplemental brief, we conclude there is no arguable issue and, for the reasons set forth above, affirm the order denying the motion for modification of sentence.

## DISPOSITION

The January 24, 2020 order denying Meadows's motion for modification of sentence is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

SINANIAN, J.*

---

* Judge of the Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.