Filed 2/3/21  P. v. Hernandez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B307123 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA043401) |
| v. | |
| BENJAMIN HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Affirmed.

Benjamin Hernandez, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Benjamin Hernandez appeals from an order denying his motion to modify his sentence, imposed in 1998. We affirm, as Hernandez's supplemental appellate brief does not present any valid ground for modifying his sentence.

## BACKGROUND

In 1998, a jury found Hernandez guilty of carjacking (Pen. Code, § 215, subd. (a)),[1] second degree robbery (§ 211), and three counts of assault with a firearm (§ 245, subd. (a)(2)). The jury also found true the special allegations that Hernandez had sustained a prior robbery, a serious felony/strike conviction (§§ 667, subds. (a)-(i) & 1170.12, subds. (a)-(d)) on June 24, 1993; had served two prior prison terms within the meaning of section 667.5, subdivision (b) for the June 24, 1993 robbery conviction and an October 11, 1995 conviction for assault with a firearm; and had personally used a handgun in the commission of the offenses (§ 12202.5, subd. (a)).

The trial court sentenced Hernandez to 36 years in prison: for the carjacking, the upper term of nine years, doubled to 18 years for the prior strike; for the robbery, one year (one-third the middle term), plus one year for the firearm enhancement; for each of the three assaults with a firearm, one year (one-third the middle term), doubled to two years, plus 16 months for the firearm enhancement; and, as to one of the three assaults with a firearm, a consecutive term of five years for the prior serious felony enhancement, plus one year for the prior prison term enhancement. Hernandez appealed from the judgment of his convictions, and this court affirmed the judgment.

_____

[1] Further statutory references are to the Penal Code.

On January 31, 2020, Hernandez, as a self-represented litigant, filed a motion to modify his sentence pursuant to newly-enacted section 1016.8. (Stats. 2019, ch. 586, § 1, eff. Jan. 1, 2020.) The statute provides, in pertinent part, that a plea bargain "that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) Hernandez argued in his motion that section 1016.8 requires vacation of his second strike sentence because his June 24, 1993 prior strike conviction for robbery followed a plea bargain that pre-dated enactment of the "Three Strikes" law, and he "was never told in 1993 that the contract he made [the plea bargain] would be or could be used to double any further conviction and or that the [c]ontract would be considered a [s]trike."[2] On February 24, 2020, the trial court (Judge Michael Cowell) summarily denied the motion. Hernandez did not file a notice of appeal from this order.

Several months later, on June 15, 2020, Hernandez, as a self-represented litigant, filed another motion to modify his sentence in light of Senate Bill No. 136,[3] which amended section 667.5, subdivision (b), effective January 1, 2020, to apply the one-year prior prison term enhancement only to a prior prison term

---

[2] California's Three Strikes law became effective in 1994. (*People v. Anderson* (1995) 35 Cal.App.4th 587, 590; *People v. Reed* (1995) 33 Cal.App.4th 1608, 1610, fn. 2.)

[3] Senate Bill No. 136 (2019-2020 Reg. Sess.) Statutes 2019, chapter 590, section 1.

for a sexually violent offense, and Senate Bill No. 1393,[4] which amended sections 667 and 1385, effective January 1, 2019, to give trial courts discretion to strike prior serious felony enhancements.  He argued these statutory amendments should apply retroactively in this case, although the judgment in this case became final around two decades before the effective dates of the amendments.  He also referenced in this second motion the application of section 1016.8 to his case, although in a more cursory fashion than he did in his earlier motion to modify his sentence, as summarized above.  On June 17, 2020, the trial court (Judge Lee Tsao) summarily denied this motion.

On August 13, 2020, Hernandez, as a self-represented litigant, filed a timely notice of appeal from the June 17, 2020 order denying his June 15, 2020 motion to modify his sentence.  This court appointed counsel for him.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  On November 10, 2020, we sent a letter to Hernandez and his appointed counsel, advising Hernandez that within 30 days he could personally submit any contentions or issues he wanted us to consider, and directing counsel to send the record and opening brief to Hernandez immediately.  Hernandez filed a supplemental brief, raising the contentions set forth below.

## DISCUSSION

Because Hernandez's appeal is not his first appeal of right from his convictions, he is not entitled to our independent review

---

[4] Senate Bill No. 1393 (2017–2018 Reg. Sess.) Statutes 2018, chapter 1013, sections 1-2.

4

of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (See *People v. Kelly* (2006) 40 Cal.4th 106, 119; *Serrano, supra,* 211 Cal.App.4th at p. 503; *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.) He is entitled, however, to file a supplemental brief—which he has done here—and to our review of his contentions set forth therein. (See *Serrano,* at p. 503; cf., *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 6; *Ben C.,* at pp. 554–555 (dis. opn. of George, C. J.).)

In his supplemental brief on appeal, Hernandez argues the trial court failed to consider mitigating factors—his substance and alcohol abuse—at his 1998 sentencing, and the trial court should consider these mitigating factors, his good behavior in prison, and any new mitigating factors arising since his incarceration at a resentencing hearing. Hernandez has not presented a valid ground, however, for this court to send the matter back to the trial court for a resentencing hearing. In the June 15, 2020 motion to modify his sentence, that is the subject of this appeal, Hernandez referenced Senate Bill No. 136, Senate Bill No. 1393, and section 1016.8, none of which is applicable to his case, as explained below.

The amendment to section 667.5, subdivision (b) in Senate Bill No. 136 regarding the one-year prior prison term enhancement and the amendment to sections 667 and 1385 in Senate Bill No. 1393 regarding the five-year prior serious felony enhancement do not apply to Hernandez's case because the judgment of his convictions was final around two decades before the effective date of these amendments. (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342 [applying Senate Bill No. 136 retroactively when appeal not final by January 1, 2020]; *People v.*

5

*Garcia* (2018) 28 Cal.App.5th 961, 971-972 [applying Senate Bill No. 1393 retroactively when appeal not final by January 1, 2019].)

Similarly, section 1016.8 does not authorize a collateral attack on a final judgment. The "law 'applies retroactively to all cases not yet final on appeal.' " (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153.) The 1998 judgment Hernandez challenges in this appeal has long been final. As to the merits of Hernandez's contention, section 1016.8 states that a plea bargain that waives "unknown future benefits" in the law is not knowing and intelligent. (§ 1016.8, subd. (a)(4).) Enactment of the Three Strikes law in 1994 did not provide a "benefit" (e.g., a reduction in punishment) to criminal defendants. Thus, because Hernandez could receive no benefit from the Three Strikes law, section 1016.8 is inapplicable to his contention that his second strike sentence is invalid because he was never told his prior plea bargain (resulting in the strike conviction) could be used to double a future sentence. His contention also fails under case law, which provides that a conviction after a guilty plea that pre-dates enactment of the Three Strikes law may be used as a strike under the Three Strikes law. (See *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1068-1070; *People v. Sipe* (1995) 36 Cal.App.4th 468, 475, 478-479; see also *Doe v. Harris* (2013) 57 Cal.4th 64, 66 [a plea agreement does not insulate the parties "from changes in the law that the Legislature has intended to apply to them"].)

We are satisfied that Hernandez's counsel has fully complied with his responsibilities. (See *Serrano*, *supra*, 211 Cal.App.4th at p. 503.) Based on our review of the record, the applicable law, and Hernandez's supplemental brief, we conclude

there is no arguable issue and, for the reasons set forth above, affirm the order denying Hernandez's motion to modify his sentence.

## DISPOSITION

The June 17, 2020 order denying Hernandez's June 15, 2020 motion to modify his sentence is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

FEDERMAN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.