Filed 6/14/21  P. v. Jimenez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS CARMELO JIMENEZ,<br><br>Defendant and Appellant. | F080896<br><br>(Fresno Super. Ct. No. CF96572117)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant and defendant Jesus Carmelo Jimenez was convicted of two counts of being a felon in possession of a firearm and sentenced to a third strike term.  He filed a petition for resentencing with the superior court pursuant to Penal Code section 1016.8,[1] and it was denied.[2]  On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We affirm.

## FACTS

On April 16, 1994, police responded to a report of shots fired.  They contacted defendant and another man.  The officers conducted a patdown search of the two men for weapons.  Defendant was carrying a .22-caliber revolver containing six spent casings.  There were eight live .22-caliber rounds in his pocket.

On November 15, 1996, police responded to a call and found defendant yelling at people at an apartment complex.  He lifted his shirt, and everyone ran away.  He then pulled out a handgun from his waistband and waved it toward the apartment windows as he continued to yell.  After about a minute, he put the gun back into his waistband.  When he noticed the police, he put the gun into a trash can.  The recovered gun was a .22-caliber Luger-type handgun loaded with a clip containing 10 live rounds.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] Assembly Bill 1618 added section 1016.8, effective January 1, 2020.  (Stats. 2019, ch. 586, § 1.)  "The statute codifies the holding of *Doe v. Harris* (2013) 57 Cal.4th 64 …, i.e., 'that the circumstance "the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." '  [Citation.]  The statute further declares, 'A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy.'  [Citation.]"  (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1152.)

2.

## PROCEDURAL BACKGROUND

On July 11, 1997, a first amended consolidated information was filed in the Superior Court of Fresno County that charged defendant with counts 1 and 2, felon in possession of a firearm on April 16, 1994, and November 15, 1996 (former § 12021, subd. (a)(1), later reenacted as § 29800, subd. (a)), based on prior convictions for assault with a firearm (§ 245, subd. (a)(1)) and corporal injury to a spouse or cohabitant (§ 273.5) in August 1992; and count 3, misdemeanor resisting arrest (§ 148, subd. (a)); with an on-bail enhancement (§ 12022.1); and two prior strike convictions based on the same two prior convictions alleged in counts 1 and 2.

On July 15, 1997, after a jury trial, defendant was convicted of the three charged counts. On the following day, the jury found the two prior strikes true, and the court granted the People's motion to dismiss the on-bail enhancement.

On August 13, 1997, the court denied defendant's request to dismiss the prior strike convictions pursuant to section 1385, and sentenced defendant to two consecutive third strike terms of 25 years to life for counts 1 and 2, for an aggregate term of 50 years to life.

On June 8, 1999, this court affirmed defendant's convictions (*People v. Jimenez* (June 8, 1999, F029062 [nonpub. opn.]).

**Petition for Recall – Proposition 36**

On November 6, 2012, the electorate passed Proposition 36, to permit the recall of some third strike sentences pursuant to the newly added section 1170.126.

On February 28, 2013, defendant filed a petition to recall his third strike sentence pursuant to section 1170.126.

On May 17, 2013, the superior court held a hearing, denied the petition, and found defendant was statutorily ineligible for resentencing because his convictions were under former section 12021, subdivision (a)(1).

On March 12, 2015, this court affirmed the superior court's denial of defendant's petition to recall his sentence under section 1170.126 (*People v. Jimenez*, Mar. 12, 2015, F067335, at p. 9 [nonpub. opn.]). We acknowledged that a conviction for being a felon in possession of a firearm did not automatically disqualify defendant from resentencing, and his eligibility depended on whether the record of conviction established he was armed with, or used a firearm, during the commission of the current offenses. "[T]he record of conviction establishes that in both incidents defendant had a firearm available for offensive or defensive use during the commission of the offense. In 1994, he had on his person and available to him for offensive or defensive use a .22-caliber revolver and live .22-caliber ammunition. In 1996, he drew and waved a loaded .22-caliber Luger-type handgun, which was available to him for offensive or defensive use, and which he was apparently using offensively. Thus, in the first case, defendant was armed with a firearm, and in the second case he was both armed and using a firearm. Consequently, he is ineligible for resentencing, and the trial court did not error in so ruling." We further held the use or arming exception did not have to be pleaded and proved "as an enhancement or tethered to the underlying offense[.]"

**Petition for Recall – Section 1016.8**

On January 8, 2020, defendant filed an ex parte motion, in pro. per., to recall his third strike sentence under newly enacted section 1016.8. Defendant sought to withdraw his pleas to his two prior convictions in August 1992 for assault with a firearm and corporal injury, that constituted the two prior strike convictions. Defendant argued the 1992 plea agreement did not "stipulate" that the convictions subsequently would be used to impose a life sentence, and the enactment of the "Three Strikes" law amounted to an unconstitutional ex post facto law.

On January 21, 2020, the superior court denied defendant's motion.

> "Contrary to defendant's contention … section 1016.8 does not
> provide any procedure to challenge long-final convictions or judgments. It

is instead a statement of the public policy of this state regarding plea bargains. Specifically, it declares that plea bargains that require a defendant to waive the ameliorative benefits of future legislation 'that may retroactively apply' after the plea has been entered are void as against public policy. [Citation.] Defendant does not contend that 1) he entered into any such plea … or 2) that he has been denied any ameliorative changes to the law that were enacted after his plea in that case, which otherwise could have retroactively applied to his conviction or sentence …. In short, defendant is not entitled to have his convictions vacated … or for resentencing … under … section 1016.8, and his motion is denied."[3]

On March 2, 2020, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on August 27, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

[3] The enactment of the Three Strikes law did not provide a "benefit" (e.g., a reduction in punishment) to criminal defendants, and section 1016.8 is inapplicable to defendant's contention that his third strike sentence is invalid. "That the parties enter into a plea agreement … does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris, supra*, 57 Cal.4th at p. 66.) In addition, a conviction that occurred prior to the enactment of the Three Strikes law, that resulted from a guilty plea, may be used as a strike without violating the ex post facto provisions of the federal and state constitutions. (*People v. Hatcher* (1995) 33 Cal.App.4th 1526, 1527.)