Filed 6/20/23  P. v. Gilbert CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097034 |
| Plaintiff and Respondent, | (Super. Ct. No. CM025273) |
| v. | |
| SCOTT RANDALL GILBERT, | |
| Defendant and Appellant. | |

Defendant Scott Randall Gilbert filed a petition for resentencing under Penal Code section 1170.126,[1] which the trial court denied.  Defendant appealed the order denying him postconviction relief, and, although this is not his first appeal as of right, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this court to independently review the record to determine if there are any arguable errors that would

---

[1]  All undesignated statutory references are to the Penal Code.

result in a disposition more favorable to defendant. Defendant filed a supplemental brief raising multiple issues concerning his trial. Having considered defendant's supplemental brief in accordance with *Delgadillo*, we shall affirm.

## I. BACKGROUND

In 1992, defendant was charged in Butte County case No. CM001128 (the assault case) with two counts of "assault [with] great bodily injury and with [a] deadly weapon," a tree branch (§ 245, subd. (a)(1)—counts 1 & 2), with allegations of a hate crime (§ 422.75) and personal infliction of great bodily injury (§ 12022.7) attached to each count. The charges apparently stemmed from a bar fight.

In September 1992, defendant pled no contest to both assault counts and admitted the hate crime allegation attached to count 1 in exchange for dismissal of the remaining charges with a *Harvey* waiver;[2] he also pled no contest to several charges in other pending criminal matters. He received an aggregate, upper-term sentence of eight years in state prison. Defendant appealed, and this court affirmed the judgment after striking one year from his sentence. (*People v. Gilbert* (Apr. 25, 1994, C015471) [nonpub. opn.] (*Gilbert I*).)[3]

Shortly after being released from prison, defendant met a couple whom he forced at knife point to drive him to a different city. (See *People v. Gilbert* (Oct. 19, 2009, C058630) [nonpub. opn.] (*Gilbert II*).)[4] He was charged in 2006 in Butte County case

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] On our own motion, we take judicial notice of our decision in *Gilbert I*. (Evid. Code, §§ 452, subd. (d) [court may take judicial notice of records of any court of this state], 459, subd. (a) [reviewing court may take judicial notice of any matter specified in section 452].)

[4] We draw the brief factual summary from this court's prior opinion in defendant's direct appeal in *Gilbert II, supra*, C058630, which we rely on solely to summarize the background of the case.

No. CM025273 (the kidnapping case) with two counts of kidnapping (§ 207, subd. (a)—counts 1 & 2) with the personal use of a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)) as to each count. Defendant's prior assault convictions were alleged as prior serious felonies (§ 667, subd. (a)(1)) and prior strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

A jury found him guilty of the kidnapping charges and found the weapon enhancements true. After waiving his right to a jury trial on the strike allegations, the trial court, in a bifurcated proceeding, found beyond a reasonable doubt that defendant's two prior assault convictions were serious felony convictions under the Three Strikes law and sustained an allegation of a prior serious felony conviction. (*Gilbert II, supra*, C058630.) The court sentenced him as a third-strike offender to 31 years to life in state prison.

Defendant appealed, arguing the evidence was insufficient to support the trial court's finding that his two 1992 assault convictions under section 245, subdivision (a)(1) both qualified as prior serious felonies within the meaning of the Three Strikes law. (*Gilbert II, supra*, C058630.) Specifically, defendant asserted the charging document, plea agreement, abstract of judgment, and the description of the offenses in the minutes in the assault case were ambiguous as to whether the assault convictions were for assault with a deadly weapon or assault by means likely to produce great bodily injury. (*Ibid.*) He further argued the basis for the court's findings was contrary to *Apprendi v. New Jersey* (2000) 530 U.S. 466. (*Gilbert II, supra*, C058630.) This court rejected defendant's appellate contentions and affirmed the judgment. (*Ibid.*)

In August 2019, defendant filed a petition for writ of habeas corpus in the trial court that alleged, among other things, that the trial court improperly engaged in judicial fact finding in determining the two prior strikes were true in violation of *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), other cases, and the Sixth and Fourteenth Amendments. The court denied the petition, finding that it asserted claims that were

3

raised, or could have been raised on appeal, and that the court could not reconsider issues resolved on appeal by a writ of habeas corpus.

In March 2020, defendant filed another habeas corpus petition seeking a recall and resentencing in the kidnapping case to strike the five-year prior serious felony enhancement under Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013) and sections 667 and 1385. The court denied the petition after finding that the facts alleged in the petition, if true, failed to establish a prima facie case for relief.

On June 17, 2022, defendant filed a resentencing petition pursuant to section 1170.126, arguing the statute was unavailable at the time of his prior appeal. He again cited *Gallardo* to challenge the trial court's strike findings in the kidnapping case and argued that his sentence was unauthorized because it violated section 654's prohibition against multiple punishment. He further requested the court apply recently enacted legislation that amended section 1170 to limit a court's discretion to impose an upper-term sentence (Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731)) and amended section 654 to no longer require imposition of the longest possible term (Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441)). Three days later, the trial court notified defendant that the court had received his June 2022 petition, and that having read and considered it, the court denied the petition.

Although the trial court directed the clerk to notify defendant of the denial, in August 2022 defendant filed a notice with the court explaining that he had never received a ruling on his resentencing petition. The next day, the court again denied the petition and provided defendant notice.

Defendant appealed the trial court's order denying his section 1170.126 petition. He requested but did not receive a certificate of probable cause.

Defendant's appointed appellate counsel found no arguable issues in the appeal and filed a brief in accordance with the procedures outlined in *Wende* and *Delgadillo*, requesting independent review. Both appointed counsel and this court notified defendant

4

that the court may treat the appeal as abandoned and dismiss it if defendant did not timely file a supplemental brief addressing issues he would like the court to consider. Defendant filed a supplemental brief asking this court to consider 12 separate issues, which are discussed more fully below.

## II. DISCUSSION

A.      *Legal Landscape*

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-225.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id.* at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice to defendant referenced *Wende* but did not indicate that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 233.)

The *Delgadillo* court also prescribed guidance for considering an appeal from an order denying a section 1172.6 petition where counsel finds no arguable issues to be pursued on appeal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) When a defendant has been notified that his appeal of the postconviction order may be dismissed, the reviewing court

5

must evaluate the specific arguments presented in any supplemental brief the defendant files. (*Ibid.*) The filing of a supplemental brief, however, "does not compel an independent review of the entire record to identify unraised issues," although the reviewing court may exercise its discretion to independently review the record. (*Ibid.*)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6 (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5), which is not the type of postconviction order at issue here, the same principles may nonetheless apply given that this is not defendant's first appeal as of right. And because defendant filed a supplemental brief raising several issues after appointed counsel and this court notified him his appeal may be dismissed as abandoned if he did not file a brief, we shall apply *Delgadillo*'s guidance and consider those issues on appeal.

B.      *Arguments in Defendant's Supplemental Brief*

In his supplemental brief, defendant raises numerous contentions that were already raised and rejected on appeal in *Gilbert II*. (*Gilbert II, supra*, C058630.) These include the sufficiency of the evidence to show which form of section 245 (deadly weapon or force likely to cause great bodily injury) he was charged with and pled to, whether he was entitled to a jury trial on whether his priors qualified as violent strikes, whether the court improperly engaged in judicial fact finding regarding his prior convictions, and whether sufficient evidence showed his prior convictions were serious or violent. Under the doctrine of law of the case, a party may not seek appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances. (*People v. Boyer* (2006) 38 Cal.4th 412, 441, superseded by statute on other grounds.) We find no compelling change in circumstances here that would justify reconsidering such issues.

We also decline to address defendant's claims that were not, but could have been, raised in his direct appeals in either *Gilbert I* or *Gilbert II*. "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not

6

entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.)  The rationale underlying applying the waiver rule is based on "various policy considerations, including the state's 'powerful interest in the finality of its judgments.' "  (*Ibid.*)

That rationale bars defendant from raising issues regarding the lack of a DNA analysis on the knife he used in the kidnappings, whether he falls outside the spirit of the Three Strikes law, whether the victims possibly perjured themselves, his Boykin-Tahl rights when he pled no contest in the assault case, and that evidence of 64 calls with the victim was not played during trial.  The basis for each of these claims was present in defendant's prior appeals in either *Gilbert I* or *Gilbert II* and he failed to raise them.  He does not argue any justification for the delay in asserting the claims nor that any significant change in the law or facts has occurred warranting their belated consideration, and we have found none.  (*People v. Senior, supra*, 33 Cal.App.4th at p. 538.)

To the extent defendant argues that he is entitled to withdraw from his plea agreement in the assault case because the agreement did not mention strikes, we disagree. As this court noted in *Gilbert II*, and the record on appeal shows, defendant's "plea form included an advisement initialed by defendant that he could be subject to 'SERIOUS FELONY PRIOR/PRISON PRIOR' as a consequence of the plea." (*Gilbert II, supra*, C058630.)  Moreover, the law existing when an accused pleads to an offense does not give rise to an implied promise that he will not be subject to future changes in the law. (See, e.g., *Doe v. Harris* (2013) 57 Cal.4th 64, 66.)  And use of a prior conviction suffered before the effective date of the Three Strikes law as a prior strike does not violate the prohibition in either the California or the United States Constitution against ex post facto laws.  (See *People v. Hatcher* (1995) 33 Cal.App.4th 1526, 1527-1528.)

We likewise reject defendant's contention that under *Gallardo, supra*, 4 Cal.5th 120 the trial court engaged in improper fact finding regarding his prior strikes.  In *Gallardo*, our Supreme Court found the trial court violated *Apprendi v. New Jersey,*

7

*supra,* and the Sixth Amendment after reviewing the transcript of the preliminary hearing in the defendant's prior assault case to independently determine what conduct " 'realistically' " led to the defendant's assault conviction to enhance her current sentence under the Three Strikes law. (*Gallardo, supra*, at pp. 124-125.) *Gallardo* made clear, however, that "a sentencing court is permitted to identify those facts that were already necessarily found by a prior jury in rendering a guilty verdict or admitted by the defendant in entering a guilty plea." (*Id.* at p. 124.) That is precisely what the trial court did here, and what this court previously found in *Gilbert II*. (*Gilbert II, supra*, C058630 ["Nor did the trial on the strike allegations violate *Apprendi*; defendant waived his right to a jury trial on the strikes and the court's findings on the strike allegations applied the beyond a reasonable doubt standard"].) The trial court did not independently review a preliminary hearing transcript, but instead relied only on the record of the prior conviction—the information, the plea form, the minutes, and the abstract—in making the strike findings. (*Ibid.*)

Defendant provides no reasoned argument or analysis regarding his claim that his call logs do not match his housing logs. We therefore have no means to assess this appellate claim and therefore reject it as unsupported. (*People v. Sorden* (2021) 65 Cal.App.5th 582, 603 ["simply posing questions on appeal neither presents issues for appellate review nor establishes reversible error"]; *People v. Clayburg* (2012) 211 Cal.App.4th 86, 93 [failure to present "reasoned argument and analysis" forfeits issue on appeal].)

## III.  DISPOSITION

The order denying defendant's petition for resentencing under section 1170.126 is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

MAURO, J.