Filed 1/23/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>FRANCISCO GONZALEZ,<br><br>  Defendant and Appellant. | F084952<br><br>(Super. Ct. No. BF185179A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Gregory A. Pulskamp, Judge.

William Safford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Defendant Francisco Gonzalez was convicted on three counts of possession of a firearm by a person previously convicted of a felony (Pen. Code,[1] § 29800, subd. (a)(1); counts 3, 4 & 5), possession of methamphetamine while armed with a loaded and operable firearm (Health & Saf. Code, § 11370.1, subd. (a); count 6), and two counts of possession of ammunition by a person previously convicted of a felony (§ 30305, subd. (a)(1); counts 7 & 8).  In a bifurcated trial, the court found defendant was convicted in 2002 of a violation of former section 12021, subdivision (c)(1), with a gang enhancement pursuant to section 186.22, subdivision (b)(1), which offense constituted a "strike" within the meaning of the "Three Strikes" law.  (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)).  The court also found true four factors in aggravation:  (1) defendant had prior convictions as an adult that were numerous and of increasing seriousness (Cal. Rules of Court,[2] rule 4.421(b)(2)); (2) defendant served a prior prison term (rule 4.421(b)(3)); (3) defendant was on probation or parole when the crime was committed (rule 4.421(b)(4)); and (4) defendant's prior performance while on probation or parole was unsatisfactory (rule 4.421(b)(5)).

The court sentenced defendant on count 3 to a six-year term, calculated by doubling the upper term due to the strike; on each of counts 4 and 5 to consecutive 16-month terms, calculated by doubling one-third of the middle term due to the strike; on count 6 to an eight-year term, calculated by doubling the upper term due to the strike, and stayed pursuant to section 654; and on each of counts 7 and 8 to a six-year term, and stayed pursuant to section 654.

On appeal, defendant contends the court's strike finding is not supported by substantial evidence that his prior conviction involved conduct prohibited by section

---

[1] Undesignated statutory references are to the Penal Code.

[2] All further references to rules are to the California Rules of Court.

186.22, as amended by Assembly Bill No. 333 (2021-2022 Reg. Sess.), statutes 2021, chapter 699 (Assembly Bill No. 333). He further contends the imposition of upper-term sentences based on the specified factors in aggravation was unauthorized. We reject defendant's contentions and affirm.

## FACTUAL BACKGROUND

As the facts underlying the offenses have minimal relevance to the issues on appeal, we summarize them only briefly. Law enforcement contacted defendant at a car wash on the afternoon of December 29, 2020. Inside defendant's vehicle, deputies located two revolvers containing live ammunition. In the trunk, deputies located a "sawed off shotgun." In defendant's right front pocket, they located 1.94 grams of methamphetamine.

## DISCUSSION

### I.   SUBSTANTIAL EVIDENCE SUPPORTS THE PRIOR STRIKE FINDING

Defendant contends substantial evidence does not support the prior strike finding. More specifically, he contends the determination of whether his prior conviction constituted a strike must be made with reference to current law. He points out that section 186.22 was amended after his prior conviction, the amendments took effect before his current conviction became final, and the evidence presented in the trial court does not establish his prior conviction involved conduct prohibited under the amended law. Thus, he contends, the evidence does not support a finding that he committed a strike within the meaning of the Three Strikes law.

We conclude defendant's prior conviction constituted a strike on the date of that prior conviction and therefore remains one today.

## A. Additional Background

The information alleged defendant suffered one prior strike based on a 2002 conviction for violation of former section 12021, subdivision (c)(1),[3] with a gang enhancement pursuant to section 186.22, former subdivision (b)(1).

The court conducted a bifurcated court trial on the prior strike allegation and received into evidence a "certified RAP sheet" and a "certified 969b packet" reflecting the conviction. Based on that evidence, the court found defendant was convicted of a violation of former section 12021, subdivision (c)(1) with an enhancement pursuant to section 186.22, subdivision (b)(1), and that the offense "does in fact qualify as what's commonly referred to as a strike prior."

## B. Standard of Review

Although phrased as a challenge to the sufficiency of the evidence, defendant's claims ultimately present questions of statutory interpretation.

"The proper interpretation of a statute is a question of law we review de novo. [Citations.] ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' [W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "If there is no ambiguity in the language, we presume

---

[3] Former section 12021, subdivision (c)(1) was recodified as section 29805. (Stats. 2010, ch. 711, § 6.76.)

the Legislature meant what it said and the plain meaning of the statute governs." (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.) The same principles that govern our interpretation of statutes enacted by the Legislature apply to those adopted by the electorate. (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

### C.    The Three Strikes Law

"The Three Strikes law was '[e]nacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses" [citation], [and] "consists of two, nearly identical statutory schemes." ' [Citation.] In March 1994, the Legislature codified its version of the Three Strikes law by adding subdivisions (b) through (i) to Penal Code section 667. A ballot initiative [Proposition 184] in November of the same year added a new provision, section 1170.12. These two parallel enactments have reposed, somewhat cumbersomely, in the code since that time." (*People v. Henderson* (2022) 14 Cal.5th 34, 43, fns. omitted.)

Both section 667 and section 1170.12 provide that "[any] offense defined . . . in subdivision (c) of [s]ection 1192.7 as a serious felony" qualifies as a prior strike. (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) Pursuant to the Three Strikes law, a felony offense that "would also constitute a felony violation of [s]ection 186.22" qualifies as a strike. (§ 1192.7, subd. (c)(28); see §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) Gang-enhanced felonies (see § 186.22, subd. (b)(1)) also qualify as strikes. (*People v. Briceno* (2004) 34 Cal.4th 451, 462.)

Section 1170.12 also provides that "[t]he determination of whether a prior conviction is a prior serious . . . felony conviction for purposes of this section shall be made upon the date of that prior conviction." (§ 1170.12, subd. (b)(1).) Section 667, subdivision (d)(1), contains a similar provision with slightly different wording: "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction."

Many courts have interpreted these provisions to mean that the question of whether a prior offense constitutes a strike is determined by whether the prior offense qualified as a strike at the time of the prior conviction. (E.g., *People v. Green* (1995) 36 Cal.App.4th 280, 283 [holding that, pursuant to § 667, subd. (d)(1), "the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense under section 1192.7, subdivision (c) or section 667.5, subdivision (c)"]; *People v. Anderson* (1995) 35 Cal.App.4th 587, 600 ["Clearly, the Legislature intended that the qualifying status of a conviction would be fixed upon the date of the prior conviction, so that no subsequent actions . . . could alter that status."]; *People v. Reed* (1995) 33 Cal.App.4th 1608, 1611 ["the determination whether an offense is a 'strike' must be made *with reference to* the date of the prior conviction"].)

Also relevant to our analysis are the so-called "lock-in" provisions, which set the effective date for determining qualifying offenses under the Three Strikes law. (See *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 578–579.) As originally enacted, subdivision (h) of section 667 provided that "[a]ll references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on June 30, 1993." (Stats. 1994, ch. 12, § 1.) An uncodified portion of Proposition 184 similarly provided that "[a]ll references to existing statutes [in section 1170.12] are to statutes as they existed on June 30, 1993." (Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994), § 2, eff. Nov. 9, 1994.) "Thereafter, the Legislature classified additional crimes as serious or violent, but did not amend the date provision to add convictions for these crimes for use as strike priors under the Three Strikes law. Therefore, these additional serious or violent crimes that resulted in conviction did not qualify as strike prior convictions despite the fact that the current offense was committed after these particular prior offenses had been classified as serious or violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 683–684.) "In 2000, when Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of

1998, reclassified certain felonies as serious or violent, it addressed this issue by also adding sections 667.1 and 1170.125 to the Penal Code. These statutes provided that, with respect to offenses committed on or after the effective date of Proposition 21, references to existing statutes in the Three Strikes law were to the statutes as they existed on March 8, 2000, the effective date of Proposition 21." (*Id*. at p. 684.) "Similarly, when Proposition 36 reformed the Three Strikes law, it amended sections 667.1 and 1170.125 to provide that, for offenses committed on or after its effective date, references in the Three Strikes law to existing statutes were to the statutes as they existed on November 7, 2012, the effective date of Proposition 36." (*Ibid*.)

### D.     Assembly Bill No. 333

Effective January 1, 2022, Assembly Bill No. 333 amended the language of section 186.22 to modify the showing necessary to prove gang offenses and gang enhancements. (Stats. 2021, ch. 669, § 3.) For example, Assembly Bill No. 333 narrowed the definition of " 'criminal street gang' " (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (f)), modified the " 'pattern of criminal gang activity' " element of the gang enhancement (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (e)), and clarified that to "benefit, promote, further, or assist" a gang "means to provide a common benefit to members of a gang where the common benefit is more than reputational" (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (g)).

### E.     Relevant Case Law

Defendant argues Assembly Bill No. 333's amendments to section 186.22 apply retroactively to alter the strike status of his 2002 conviction. More specifically, he contends the Three Strikes law requires the court, in determining whether a prior felony constitutes a strike, to apply the law in existence at the time the current offense was committed. Because his current offense was committed in 2020, but his conviction for that offense is not yet final, he contends the determination of whether the prior offense constitutes a strike requires proof that he committed a felony which would constitute a

7.

gang-related offense under the current version of section 186.22, as amended by Assembly Bill No. 333.

Several recent cases have addressed this question. Additionally, our Supreme Court has granted review to address this question.[4] We review the existing cases in turn.

As in the instant case, the defendant in *People v. Scott* (2023) 91 Cal.App.5th 1176, 1179, review granted September 27, 2023, S280776 (*Scott*), argued there was insufficient evidence his gang-enhanced prior felony constituted a strike due to the amendments effectuated by Assembly Bill No. 333. The Court of Appeal noted the Three Strikes law provides: " 'Notwithstanding any other law . . . : [¶] . . . The determination of whether a prior conviction is a prior serious or violent felony conviction for purposes of this section shall be made upon the date of that prior conviction . . . .' " (*Scott*, at p. 1181.) The court explained: "In other words, 'the Legislature intended that the qualifying status of a conviction would be *fixed* upon the date of the prior conviction . . . .' [Citation.] This 'mean[s] that the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense . . . .' [Citation.] It therefore does not matter if the definition of a strike has subsequently changed." (*Id*. at pp. 1181–1182.) The court noted that the defendant's prior conviction was "long since final" and "[w]hen it became final, it was a

***

**4** In *People v. Fletcher* (2023) 92 Cal.App.5th 1374, review granted September 27, 2023, S281282 (*Fletcher*), our Supreme Court identified the issues to be briefed and argued as follows:

> "(1) Does Assembly Bill No. 333 amend the requirements for a true finding on a prior strike conviction (Pen. Code, §§ 667, subds. (b)–(i) & 1170.12, subds. (a)–(d)) and a prior serious felony conviction (Pen. Code, § 667, subd. (a)), or is that determination made on 'the date of that prior conviction'? (See Pen. Code, §§ 667, subd. (d)(1) & 1170.12, subd. (b)(1).) (2) Does Assembly Bill No. 333 (Stats. 2021, ch. 699), which modified the criminal street gang statute (Pen. Code, § 186.22), unconstitutionally amend Proposition 21 and Proposition 36, if applied to strike convictions and serious felony convictions?"

strike." (*Id.* at p. 1184.)  The court therefore concluded, "The fact that the Legislature has changed the definitions of active gang participation and of a gang enhancement under section 186.22 cannot change the status of defendant's final . . . conviction as a strike prior." (*Ibid.*)

Another court recently agreed with *Scott*.  In *People v. Aguirre* (2023) 96 Cal.App.5th 488, review granted January 10, 2024, S282840 (*Aguirre*), the People alleged the defendant had suffered a prior strike conviction based on a 2021 conviction for a gang-enhanced felony.  (*Id.* at p. 491.)  Finding no evidence to meet the new elements of section 186.22 added by Assembly Bill No. 333, the trial court concluded the conviction no longer qualified as a strike.  The Court of Appeal disagreed, holding:  "In 2012, the electorate passed Proposition 36, which provides that, for all offenses committed on or after November 7, 2012, determining whether a prior conviction qualifies as a serious felony conviction or 'strike' must be made 'upon the date of that prior conviction' and based on the relevant statute 'as [it] existed on November 7, 2012.' [Citation.]  These provisions fix or lock in the status of a conviction as a strike on the date of the prior conviction.  Assembly Bill No. 333 (2021-2022 Reg. Sess.) . . . did not change that.  A gang-enhanced felony committed before Assembly Bill No. 333's effective date still qualifies as a prior serious felony." (*Aguirre*, at p. 491.)

Relatedly, in *Fletcher*, *supra*, 92 Cal.App.5th at page 1379, review granted, a different panel of the same court that decided *Scott* held that, if Assembly Bill No. 333 was construed to apply to serious felonies and strike priors premised on violations of section 186.22, it would constitute an improper legislative amendment of a ballot initiative, specifically Proposition 36.  The court noted that Proposition 36 defined a serious felony for purposes of the Three Strikes law as "what constituted a serious felony in 2012," and thus determined Assembly Bill No. 333 could only apply if it satisfied Proposition 36's amendment requirements.  (*Fletcher*, at p. 1381.)  Because it did not

9.

satisfy those requirements, the court held it was not required to vacate the true findings on prior serious felony or prior strike convictions. (*Id.* at p. 1382.)

In contrast, an appellate court reached a seemingly different conclusion in *People v. Farias* (2023) 92 Cal.App.5th 619, review granted September. 27, 2023, S281027 (*Farias*). The appeal involved two defendants, both of whose sentences involved prior serious felonies under section 667, subdivision (a), and strikes under sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2). (*Farias*, at p. 626.) The appellate court noted the record confirmed the trial court found true all the serious felony allegations under section 667, subdivision (a), but was silent as to whether the trial court also found true the strike allegations. (*Farias*, at pp. 630–631, 635.) There was some indication in the record that this may have been a clerical omission. (*Id.* at pp. 631–632, 637–638.) Nonetheless, the appellate court determined it was necessary to treat the defendants as if the trial court had concluded the strike allegations were not true and to vacate the sentence, but without prejudice to the trial court's ability to correct the record if it could be shown that the omission of a strike finding was a clerical error. (*Id.* at p. 626.)

One of the prior serious felony and strike allegations for one of the defendants in *Farias* arose out of a 2009 conviction for participation in a street gang pursuant to section 186.22, subdivision (a). (*Farias*, *supra*, 92 Cal.App.5th at p. 628, rev. granted.) Thus, the Court of Appeal proceeded to address whether these allegations were affected by intervening changes to section 186.22. (*Farias*, at pp. 644–655.) The court first addressed the status of the prior conviction as a serious felony pursuant to section 667, subdivision (a), and noted that section 186.22, subdivision (a) had been narrowed by our Supreme Court's decision in *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*).[5]

---

[5] In *Rodriguez*, our Supreme Court held that a defendant could not be convicted of violating section 186.22, subdivision (a) as a sole perpetrator. (*Rodriguez*, *supra*, 55 Cal.4th at p. 1128.)

(*Farias*, at pp. 645–650.) On that basis, the court determined substantial evidence did not support the trial court's finding that the prior conviction constituted a prior serious felony under section 667, subdivision (a). (*Farias*, at p. 648.) The court also noted that section 186.22 had been amended by Assembly Bill No. 333, and the amended version of section 186.22 would apply on remand. (*Farias*, at pp. 650–653.) Thus, the appellate court directed the trial court on remand to "hold a new hearing on whether the 2009 section 186.22, subdivision (a), conviction satisfied all the required elements to qualify as a prior serious felony as contemplated under section 667, subdivision (a)." (*Id.* at p. 653.)

In passing, the *Farias* court also noted that this holding would extend to the strike allegation that was based on the prior gang participation felony, to the extent the trial court was able to correct the record to show the omission of a strike finding was a clerical error:

> "If the trial court were to revise its records to reflect an affirmative finding of truth as to the strike on priors, we observe that the above reasoning as to why substantial evidence does not support a finding that the prior section 186.22, subdivision (a), conviction was a serious felony would support a like holding that substantial evidence does not support a finding that the conviction was a strike. As such, if the trial court amends its judgment to reflect it did, in fact, find true that in 2009 [the defendant] was convicted under section 186.22, subdivision (a), and that conviction was for a strike, that finding would need to be vacated and subject to further evidence on remand." (*Farias*, *supra*, 92 Cal.App.5th at pp. 653–654, rev. granted.)

### F.     Analysis

We agree with those courts that have concluded Assembly Bill No. 333 does not change the status of a defendant's conviction as a prior strike. The plain language of the Three Strikes law compels the conclusion that the status of defendant's prior conviction as a strike was fixed upon the date of his prior conviction. (§ 1170.12, subd. (b)(1); see § 667, subd. (d)(1); see also *Aguirre*, *supra*, 96 Cal.App.5th at p. 491, rev. granted; *Scott*, *supra*, 91 Cal.App.5th at p. 1181, rev. granted.) Defendant was convicted of his prior offense in 2002. Because the gang-enhanced felony was a strike then (*People v. Briceno*,

11.

*supra*, 34 Cal.4th at p. 462; see § 1192.7, subd. (c)(28); see also §§ 667, subd. (d)(1), 1170.12, subd. (b)(1)), it remains so today.

Additionally, defendant was convicted of his current offenses on or after November 7, 2012. Thus, for purposes of the Three Strikes law, the references to section 1192.7, subdivision (c) in sections 667 and 1170.12 are to that subdivision as it existed on November 7, 2012. (§§ 667, subd. (h), 667.1, 1170.125; see *People v. Johnson*, *supra*, 61 Cal.4th at p. 684; *Fletcher*, *supra*, 92 Cal.App.5th at p. 1381, rev. granted ["the definition of a serious felony for purposes of the Three Strikes law is what constituted a serious felony in 2012"].) On November 7, 2012, defendant's gang-enhanced felony qualified as a serious felony. (§ 1192.7, subd. (c)(28).) Thus, on all relevant dates, defendant's conviction constituted a strike. Assembly Bill No. 333 did not change that status.

In his argument to the contrary, defendant relies in part on *People v. Watts* (2005) 131 Cal.App.4th 589 (*Watts*), and *People v. Strike* (2020) 45 Cal.App.5th 143 (*Strike*) to argue the prosecution was required to submit proof, beyond a reasonable doubt, that his prior conviction met the current elements of the gang-related allegation under section 186.22, subdivision (b). However, these cases are inapposite. The defendant in *Watts* was convicted in 2000 for violation of former section 12031, subdivision (a)(2)(C), a misdemeanor offense that became a felony when the perpetrator was an " 'active participant in a criminal street gang,' " as defined in section 186.22. (*Watts*, at p. 592; see former § 12031, subd. (a)(2)(C).) However, when the defendant was convicted in 2000, section 186.22 did not define " 'active participant in a criminal street gang.' " (*Watts*, at p. 592.) Subsequent to the defendant's prior conviction, our Supreme Court determined in *People v. Robles* (2000) 23 Cal.4th 1106, 1115, that the phrase " 'active participant in a criminal street gang,' " as used in former section 12031, subdivision (a)(2)(C), was ambiguous, and ultimately construed it to require proof of all three elements of the substantive gang offense described in section 186.22, subdivision (a). (*Robles*, at p. 1115; see *Watts*, at p. 593.) Based on *Robles*, the defendant in *Watts*

12.

argued his prior conviction did not constitute a strike because his plea to the former section 12031 violation did not constitute an admission of all the elements of section 186.22, subdivision (a).[6] (*Watts*, at p. 594.) Because our Supreme Court had determined the phrase " 'active participant in a criminal street gang,' " as used in former section 12031, subdivision (a)(2)(C), was ambiguous, the Court of Appeal concluded it could not determine with certainty that the defendant's pre-*Robles* plea admitted all the elements of section 186.22, subdivision (a). (*Watts*, at pp. 596–597.) Accordingly, the court held the record did not support a conclusion that the prior conviction was a strike. (*Id.* at p. 597.)

In *Strike*, the Court of Appeal considered whether the defendant's prior conviction for violation of section 186.22, subdivision (a) constituted a strike. (*Strike*, *supra*, 45 Cal.App.5th at p. 146.) Although the elements of felony gang participation in section 186.22, subdivision (a) had not changed between the defendant's prior offense and current offense, judicial interpretation of those elements had evolved. (*Strike*, at p. 146.) Specifically, at the time of the defendant's prior conviction, it was thought that a defendant could be convicted of violating section 186.22, subdivision (a) as a sole perpetrator. (*Strike*, at p. 146.) However, subsequent to our Supreme Court's 2012 decision in *Rodriguez*, *supra*, 55 Cal.4th 1125, that was no longer the case. (*Rodriguez*, at p. 1128; see *Strike*, at p. 146.) Rather, the high court held that section 186.22, subdivision (a) required an active gang member to commit a felony offense with one or more members of his gang. (*Rodriguez*, at pp. 1128, 1139.) In determining that the defendant's prior conviction constituted a strike, the trial court considered the facts admitted by the defendant as the basis for his prior plea, as well as facts alleged in the charging document regarding the offense. (*Strike*, at pp. 146–147.) The Court of Appeal determined this constituted impermissible factfinding by the trial court and therefore

_____

[6] The parties agreed that section 1192.7, subdivision (c)(28) was the only basis by which the offense could qualify as a strike. (*Watts*, *supra*, 131 Cal.App.4th at pp. 593, 596.)

13.

struck the prior strike finding. (*Id.* at p. 147.) The court remanded for retrial of the prior conviction allegation, noting the prosecution could try to prove the defendant admitted additional facts that would demonstrate the plea included an admission that the felony offense was committed with another gang member. (*Id.* at p. 154.)

Both *Watts* and *Strike* were relied on by the defendant in *Scott*. (*Scott*, *supra*, 91 Cal.App.5th at pp. 1182–1183, rev. granted.) However, the *Scott* court determined that neither case was controlling "because they dealt with changes in the judicial interpretation of a statute, rather than amendments to the statute itself." (*Id.* at p. 1183.) The court explained: " 'Whenever a decision undertakes to vindicate the original meaning of an enactment, putting into effect the policy intended from its inception, retroactive application is essential to accomplish that aim. [Citation.]' [Citation.] Accordingly, in *Robles* and *Rodriguez*, when the Supreme Court interpreted section 186.22, subdivision (a), it declared not only what that section meant at that time, *but what it had always meant*—including when the defendants in *Watts* and *Strike* suffered their respective prior convictions." (*Id.* at pp. 1183–1184, italics added.) We agree with *Scott* that *Watts* and *Strike* are inapposite for this reason. Assembly Bill No. 333 is a statutory amendment and was not declaratory of previously existing law. It does not alter our understanding of the elements of the gang enhancement under the version of section 186.22 in effect at the time defendant's prior conviction became final, and therefore cannot change the status of defendant's prior conviction as a prior strike.[7]

We find defendant's reliance on *Farias* equally unpersuasive. The *Farias* court did not meaningfully analyze the applicability of Assembly Bill No. 333 to the prior

---

[7] We also agree with *Scott* that *Watts* and *Strike* did not consider the relevant language of the Three Strikes law, and specifically the mandate that "[t]he determination of whether a prior conviction is a [strike] shall be made upon the date of that prior conviction." (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1); see *Scott*, *supra*, 91 Cal.App.5th at p. 1184, fn. 4, rev. granted.)

14.

strike finding. (*Farias*, *supra*, 92 Cal.App.5th at pp. 653–654, rev. granted.) Nor did the *Farias* court consider the "lock-in" provisions of the Three Strikes law, which do not apply to prior serious felony enhancements (§§ 667, subd. (h), 667.1, 1170.125; see *Aguirre*, *supra*, 96 Cal.App.5th at p. 497), or the language of section 1170.12, subdivision (b)(1), which provides that, for purposes of the Three Strikes Law, "[t]he determination of whether a prior conviction is a prior serious or violent felony conviction for purposes of this section shall be made upon the date of that prior conviction."[8]

We also reject defendant's argument that the plain language of the Three Strikes law compels the conclusion that prior strike determinations were intended to be made with reference to current law. Defendant contends section 1192.7, subdivision (c)(28) is "[p]hrased prospectively," inasmuch as it refers to an offense that "*would also constitute a felony violation of [s]ection 186.22.*"[9] Thus, he argues, section 1192.7, subdivision (c)(28) was not intended to "broadly capture [prior] fixed points in time" but rather to define the offenses by their present terms. He also contends that the list of qualifying offenses contained in section 1192.7, subdivision (c) can be divided into three categories: provisions which describe conduct, provisions which refer to a statutory definition, and hybrid provisions that refer to both conduct and a statutory definition. The "hybrid"

---

[8] We acknowledge the *Farias* court did address the somewhat differently worded language of section 667, subdivision (d)(1), which provides, " '[t]he determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.' " (*Farias*, *supra*, 92 Cal.App.5th at p. 652, rev. granted.) The court held this language merely governs the determination of " 'whether the prior conviction "is a prior *felony* conviction" rather than a conviction for a misdemeanor.' " (*Ibid.*, quoting *People v. Sipe* (1995) 36 Cal.App.4th 468, 478.) As we have noted above, other courts have interpreted section 667, subdivision (d) more broadly. (E.g., *People v. Green*, *supra*, 36 Cal.App.4th at p. 283; *People v. Anderson*, *supra*, 35 CalApp.4th at p. 600; *People v. Reed*, *supra*, 33 Cal.App.4th at p. 1611.)

[9] We disagree that the verb "would," as used in section 1192.7, subdivision (c)(28), is prospective or is used in the future tense.

15.

phrasing of section 1192.7, subdivision (c)(28), he contends, permits us to interpret that subdivision to apply only to current law. Once again, however, this argument fails to address the provisions of the Three Strikes law, discussed above, which expressly guide us in determining the relevant date for determining whether a prior conviction constitutes a strike.

In sum, Assembly Bill No. 333 does not apply to alter the status of defendant's prior strike conviction. Defendant does not dispute that substantial evidence supports a finding that his prior conviction constituted a strike under the law as it existed prior to Assembly Bill No. 333. Accordingly, substantial evidence supports the court's finding that defendant's prior gang-enhanced felony constituted a strike.

## II.   THE COURT HAD AUTHORITY TO IMPOSE AN AGGRAVATED TERM

After finding true four factors in aggravation relating to defendant's criminal history, the court sentenced defendant to upper-term sentences on counts 3, 6, 7, and 8. Defendant argues that, in imposing an upper-term sentence, the court may rely only on factors in aggravation relating to the crime, and not on factors relating to the defendant, such as his criminal history.[10] Specifically, he contends the "rule-based" factors set forth in rule 4.421(b) cannot justify "an upward departure from the presumption of middle term sentencing." He further argues rule 4.421(b) constitutes an unlawful delegation of the Legislature's authority to define punishments. We reject both contentions in turn.

---

[10] The People argue defense counsel's failure to object to the trial court's reliance on these factors in the trial court forfeits this claim on appeal. Defendant contends he is challenging an illegal sentence, which challenge is not subject to forfeiture. However, to the extent the claim is forfeited, defendant claims constitutionally ineffective assistance of counsel. We decline to decide whether defendant forfeited this claim and instead exercise our discretion to adjudicate its merits in light of defendant's claim of ineffective assistance of counsel. (See *People v. Marlow* (2004) 34 Cal.4th 131, 150 [Even where an issue has been forfeited, if defendant "asserts his counsel thereby rendered ineffective assistance . . . we turn to the merits of the claim."].)

## A.    Additional Background

The information alleged defendant (1) had prior convictions as an adult that were numerous and of increasing seriousness (rule 4.421(b)(2)); (2) served a prior prison term (rule 4.421(b)(3)); (3) was on probation or parole when the crime was committed (rule 4.421(b)(4)); and (4) had prior unsatisfactory performance while on probation or parole (rule 4.421(b)(5)).

When the court conducted a bifurcated court trial on the prior strike allegation, it also considered these four factors in aggravation.  The court admitted the following evidence:  defendant's "certified RAP sheet"; a "certified 969b packet" reflecting defendant's 2002 conviction for violation of former section 12021, subdivision (c)(1), with an enhancement under section 186.22, former subdivision (b)(1); a "certified 969b packet" reflecting defendant's 2010 conviction for violation of section 245, subdivision (a)(1); a "certified court docket" reflecting that defendant violated his parole in 2014; a "certified court docket" reflecting that defendant violated his post-release community supervision in 2016; a "certified court docket" and a "certified 969b packet" reflecting that defendant was convicted in 2017 for violation of section 69; a "certified court docket" reflecting defendant violated his post-release community supervision in 2017; a "[c]ertified court docket" reflecting defendant violated his post-release community supervision in 2020; and law enforcement testimony reflecting that defendant was on probation at the time the offenses in the instant case occurred.

Based on the foregoing, the trial court found all four factors in aggravation true beyond a reasonable doubt.  At sentencing, the court noted there were no circumstances in mitigation and four circumstances in aggravation.  The court stated:  "I do agree that the upper term is appropriate and that's based on several factors including the California Rules of Court factors I just mentioned, the four different aggravating factors, and for that reason . . . the upper term is completely warranted based on those aggravating factors I mentioned, the four different ones, . . . and the lack of any mitigating factors."

17.

### B. Section 1170, Subdivision (b)

Section 1170, subdivision (b) governs imposition of a judgment of imprisonment when a statute specifies three possible terms. Prior to 2007, section 1170, subdivision (b) set the middle term as the presumptive term, but authorized the trial court to impose the upper term if it found circumstances in aggravation. (§ 1170, former subd. (b).) The trial court was required to set forth on the record the facts supporting imposition of the upper term, and those facts were required to be established by a preponderance of the evidence. (*Ibid.*; former rule 4.420(b).) However, in 2007, the United States Supreme Court determined this sentencing scheme was unconstitutional because, "under the Sixth Amendment, any fact [other than a prior conviction] that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." (*Cunningham v. California* (2007) 549 U.S. 270, 281; see *id.* at pp. 288–289.)

In response to *Cunningham*, the California Legislature amended section 1170, subdivision (b) to eliminate the presumption for the middle term and to instead provide that "the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2007, ch. 3, § 2, eff. Mar. 30, 2007, as urgency legislation.) The intent of this urgency legislation was to "maintain stability in California's criminal justice system while the criminal justice and sentencing structures in California sentencing [were] being reviewed." (Stats. 2007, ch. 3, § 1.) This statutory language providing trial courts broad discretion to choose within the sentencing triad remained intact until January 1, 2022. (See Stats. 2007, ch. 3, § 2; see also Stats. 2020, ch. 29, § 15.)

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b), to provide: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (*Id.*, subd. (b)(1).) Subdivision (b)(2) in turn

18.

provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . ."  Subdivision (b)(3) creates an exception to this requirement:  "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

A trial court's sentencing decisions are reviewable for abuse of discretion. (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.)  "An abuse of discretion is found where the court 'relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision.' "  (*Ibid.*; accord, *People v. Carmony* (2004) 33 Cal.4th 367, 378 [trial court abused its sentencing discretion when it "considered impermissible factors"].)

###    C.    The Court Was Permitted To Rely on Defendant's Prior Convictions

Defendant contends his sentence could exceed the middle term only if justified by "circumstances in aggravation of the crime."[11]  (§ 1170, subd. (b)(2).)  He contends the prior conviction factors relied on by the trial court constituted factors " 'relating *to the defendant*' " (italics added), and not "circumstances in aggravation of *the crime*," and therefore could not justify imposition of upper-term sentences.  He contends section 1170, subdivision (b)(3), which permits consideration of a defendant's prior convictions in sentencing, applies only after the court has determined whether " 'circumstances in

---

[11] Defendant contends, "This is a clear match for California Rules of Court, rule 4.421(a), which defines a subset of '[c]ircumstances in aggravation' which are classified as '[f]actors relating to the crime.' "  At least one Court of Appeal has expressly held that " 'circumstances in aggravation,' " as used in section 1170, subdivision (b)(2), includes the factors listed in rule 4.421(a).  (*Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 70–71.)

19.

aggravation of the crime' " authorize an upper-term sentence.  In other words, defendant contends section 1170, subdivision (b)(2) "sets a threshold requirement which must be met before the upper term becomes an available option."  Thereafter, "[i]f all three terms are available, the court can consider prior convictions in making its decision; if the only two sentencing options are the middle and lower terms, the court can use prior convictions in selecting between the two."

We disagree with defendant's interpretation of section 1170 and therefore reject this argument.  As we have already stated, subdivision (b)(3) provides:  "*Notwithstanding* paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (Italics added.)  "[N]otwithstanding" means "[d]espite; in spite of."  (Black's Law Dictionary (11th ed. 2019), p. 1281.)  Thus, by its plain language, section 1170, subdivision (b)(3) applies, despite the limitations set forth in section 1170, subdivision (b)(1) and (2), and authorizes a court to impose an upper-term sentence based on a defendant's prior convictions.

### D.     Nondelegation Doctrine

Defendant argues that interpreting section 1170, subdivision (b) to refer to factors listed in rule 4.421 violates the nondelegation doctrine.  Our Supreme Court rejected this argument in *People v. Wright* (1982) 30 Cal.3d 705 (*Wright*).

"The legislative branch of government, although it is charged with the formulation of policy, properly may delegate some quasi-legislative or rulemaking authority to administrative agencies."  (*Carmel Valley Fire Protection Dist. v. State of California* (2001) 25 Cal.4th 287, 299.)  However, "[a]n unconstitutional delegation of legislative power occurs when the Legislature confers upon an administrative agency unrestricted authority to make fundamental policy decisions."  (*Wright*, *supra*, 30 Cal.3d at p. 712.)  Thus, "[t]he Legislature must make the fundamental policy determinations, but after declaring the legislative goals and establishing a yardstick guiding the administrator, it

20.

may authorize the administrator to adopt rules and regulations to promote the purposes of the legislation and to carry it into effect." (*Id.* at p. 713.)

Article VI, section 6 of the California Constitution grants the Judicial Council authority to "adopt rules for court administration, practice and procedure." (Cal. Const., art. VI, § 6, subd. (d).) Additionally, section 1170.3, subdivision (a)(2) directs the Judicial Council to "promote uniformity in sentencing under [s]ection 1170" by adopting rules "providing criteria for the consideration of the trial judge at the time of sentencing regarding the court's decision to: [¶] . . . [¶] . . . [i]mpose the lower, middle, or upper prison term." (§ 1170.3, subd. (a)(2).)

In *Wright*, our Supreme Court considered whether the legislative direction for the Judicial Council to adopt former rules 421 and 423, the predecessors to rules 4.421 and 4.423, constituted an invalid delegation of legislative power. (*Wright*, *supra*, 30 Cal.3d at p. 709.) The high court concluded it did not. (*Id.* at pp. 712–714.) The court explained: "[T]he Legislature made the fundamental policy decision that terms were to be fixed by choosing one of the alternatives on the basis of circumstances relating to the crime and to the defendant. [Citation.] The Legislature directed the Judicial Council to adopt rules establishing criteria for imposing the upper[, middle,] or lower terms in order to promote uniformity. [Citation.] While promotion of 'uniformity' in some circumstances may not provide a sufficient standard, the Legislature established the standard in the correlative provision of Penal Code section 1170, [former] subdivision (b), providing that the criteria be based on the absence or presence of aggravating or mitigating circumstances." (*Id.* at p. 713.) The court held these standards were "sufficiently precise in the circumstances." (*Ibid.*)

Defendant contends *Wright* is no longer controlling. He argues, "The ability of the aggravating circumstances rule to pass constitutional muster in *Wright* was derived entirely from its orientation as a creature of guidance and discretion. A rule purporting to define aggravating circumstances for *jury* consideration would *not* survive a *Wright*

21.

analysis." He contends "the Judicial Council *lacks* the authority to define punitive enhancements for submission to a jury."

However, defendant was not subject to an upper-term sentence based on factors that were submitted to a jury. We are not called upon to resolve whether a rule purporting to set forth aggravating factors for jury consideration constitutes a valid delegation of legislative authority.[12] Rather, in determining that an upper term was authorized and warranted, the court, in the exercise of its discretion, properly considered defendant's prior convictions as factors relating to defendant pursuant to section 1170, subdivision (b)(3) and rule 4.421(b). *Wright* expressly holds that the development of these factors by the Judicial Council, and thus reliance on these factors by the court, does not involve an unconstitutional delegation of power. (*Wright*, *supra*, 30 Cal.3d at pp. 711–714.)

Accordingly, defendant's contentions regarding the nondelegation doctrine are without merit.

## DISPOSITION

The judgment is affirmed.

DETJEN, Acting P. J.

WE CONCUR:


FRANSON, J.


MEEHAN, J.

---

[12] Again, we note that at least one court has recently determined that section 1170, subdivision (b)(2) refers to the aggravating factors listed in rule 4.421(a), and further determined this reference does not violate separation of powers principles or constitute an unconstitutional delegation of power. (*Chavez Zepeda v. Superior Court*, *supra*, 97 Cal.App.5th at pp. 70–71.)

22.